UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALAN HARVEY,

                Plaintiff,

          -against-

INCORPORATED VILLAGE OF
HEMPSTEAD,

                Defendant.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-5920

(Wexler, J.)

FILED
US IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
JUL 16 2012
LONG ISLAND OFFICE

APPEARANCES:

    Frank & Associates, P.C.
    By: Neil Frank, Esq.
    500 Bi-county Boulevard
    Suite 112N
    Farmingdale, NY 11735
    Attorneys for Plaintiff

    Bond, Schoeneck & King, PLLC
    By: Jessica C. Satriano, Esq.
    1399 Franklin Avenue, Suite 200
    Garden City, New York 11530
    Attorneys for Defendant

WEXLER, District Judge

       This is an action commenced by Plaintiff, Alan Harvey ("Plaintiff" or "Harvey"), alleging that the termination of his employment by the Defendant Village of Hempstead ("Defendant" or the "Village") violated a prior settlement agreement as well as his rights under the Due Process Clause of the United States Constitution. Plaintiff has conceded to dismissal of his state law breach of contract claim, leaving only a claim alleged a claim pursuant to 42 U.S.C. §1983 ("Section 1983"). That federal claim alleges that the failure to provide Plaintiff with notice and

1

the opportunity to be heard prior to termination violated his rights pursuant to the Fourteenth Amendment to the United States Constitution. Presently before the court is Defendant's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint.

## BACKGROUND

I. <u>Facts</u>

    A. <u>Plaintiff's Employment and the Allegations of the Complaint</u>

Plaintiff began his employment with the Defendant in May of 1989 in the position of Sanitation Helper. Throughout his employment Plaintiff was a member of Local 1000 CSEA, AFL-CIO ) the ("Union").

Plaintiff was absent from work for a seven day period in February of 2010. The complaint explains that Plaintiff's absence was necessitated by the management of family business and the emotional toll that followed a heart attack suffered by his mother. The Village characterized Plaintiff's February 2010 absence from work as "absence without pay." That absence led to a March 5, 2010 meeting attended by Plaintiff along with the Village Director of Public Works, its Director of Human Resources, and Union representatives. After that meeting, the Village proposed to settle the matter pursuant to a Stipulation of Settlement (the "Settlement"). The Settlement was agreed to by Plaintiff and provided for Plaintiff to accept a 60 day suspension without pay. The Settlement provides further that: (1) if Plaintiff continued to engage in conduct similar to excessive absenteeism or other "improper and/or unprofessional conduct" independently warranting "discipline or corrective action," Plaintiff would be subject to termination and (2) if Plaintiff's future behavior would warrant termination he would "be provided with written notice of the allegations against him, and would be given the opportunity

to be heard before final termination." Plaintiff alleges that despite the 60 day period of termination provided for in the Settlement, he was not allowed to return to work for a period of 90 days – until June 1, 2010.

On October 19, 2010, Plaintiff failed to report to work. In November of 2010, a meeting was held during which Plaintiff's absenteeism was discussed. Plaintiff was present at that meeting along with the Village representatives who participated in the March 2010 meeting, and a Union representative. Plaintiff alleges that he was not provided with written notice of allegations to be discussed at that meeting. Nonetheless, it is clear that the meeting was held to discuss Plaintiff's failure to report to work on October 19, 2010. At that meeting, Plaintiff explained that he was granted permission for his October absence. Despite this explanation, the Village decided shortly thereafter to terminate Plaintiff's employment.

B. Causes of Action

Plaintiff's complaint pled two separate causes of action – breach of contract and violation of Section 1983. After Defendant moved to dismiss, Plaintiff conceded to dismissal of his breach of contract claim. The sole claim remaining for adjudication is based on the alleged violation of Plaintiff's Constitutionally protected Fourteenth Amendment right to Procedural Due Process. Specifically, Plaintiff alleges that the Constitution was violated because Plaintiff was terminated with neither adequate notice nor a meaningful opportunity to be heard.

II. The Motion to Dismiss

Defendant concedes, for the purpose of this motion, that Plaintiff entitled to due process protection prior to termination. Defendant argues, however, that the Section 1983 claim must be dismissed because Plaintiff has received all of the process that is due. Plaintiff disagrees. After

outlining relevant legal principles the court will turn to the merits of the motion.

## DISCUSSION

I. <u>Legal Principles</u>

    A. <u>Standards on Motions to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. <u>Bold Electric, Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," <u>id</u>. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, <u>Twombley</u> holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." <u>Iqbal</u>, 129 S. Ct. at 1950.

    B. <u>Stating A Due Process Claim Under Section 1983</u>

It is well settled that due process requires some kind of a hearing prior to discharge of an individual with a Constitutionally protected right to continued employment. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985); <u>Faghri v. University of Connecticut</u>, 621 F.3d 92, 99

(2d Cir. 2010). Thus, an employee entitled to due process protection must be afforded "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ., 470 U.S. at 546. The hearing required by the Constitution is "minimal," designed only to serve as a "check against mistaken decisions." Faghri, 621 F.3d at 99, quoting, Loudermill, 470 U.S. at 545. This hearing requirement exists not to "resolve the propriety of the discharge," but only to ensure there are reasonable grounds supporting the decision reached. Faghri, 621 F.3d at 99, quoting, Locurto v. Safir, 264 F.3d 154, 173-75 (2d Cir. 2001).

II.   Disposition of the Motion

The court's review of the submitted motion and, most importantly, the allegations of Plaintiff's complaint, reveal that Plaintiff states no due process claim. As noted, Plaintiff asserts that he was denied notice of the charges against him as well as an opportunity to be heard. While Plaintiff did not receive specific written notice prior to participating in the November meeting held prior to his termination, the allegations of the complaint make clear that Plaintiff was aware of the incident that was to be the subject of that meeting, as well as the consequences that could follow.

Thus, it is clear that Plaintiff knew that his absenteeism in general, and the failure to report to work on October 19, 2010 in particular, were the matters at issue. Additionally, the allegations of the complaint make clear that Plaintiff and his union representative were present and participated at the meeting held prior to his dismissal. This is evidenced by the fact that Plaintiff argued that his absence was excused and attempted to produce a doctor's note explaining his absence on the date in question.

In light of his prior knowledge of the subject of the November meeting, and his participation therein, Plaintiff argues, as he must, that the Constitution was violated by the Village's failure to provide him with specific <u>written</u> notice of the subject and possible consequence of the November 2010 meeting. While such written notice may have been a requirement of the Settlement, that requirement does not automatically translate into a Constitutional requirement. Indeed, the Constitution imposes neither such specific requirements, nor a particular result. Instead, as noted, the Constitution requires only that Plaintiff be given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ., 470 U.S. at 546. Plaintiff's own factual allegations, as set forth in the complaint, leave the court with no doubt that this is precisely the process that Plaintiff was afforded. As described above, the conduct of the November meeting reveals that Plaintiff was aware of the subject to be discussed at the meeting. Additionally, the terms of the Settlement make clear that Plaintiff was aware of the possible consequence of that meeting.

In sum, Plaintiff was on oral notice of the meeting. He knew the subject to be addressed as well as the possibility of termination. He participated in the meeting and was given the opportunity to present his side of the story. While Plaintiff disagrees with the decision reached, the Constitution protects only the process -- not the result. Plaintiff received all of the process that the Constitution requires. Accordingly, the Section 1983 claim, alleging denial of due process must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is granted. The

Clerk of the Court is directed to terminate the motion appearing at docket number 12 and to thereafter close the file in this matter.

SO ORDERED

s/W/Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 16, 2012